UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MATTHEW R. WALEYKO

V.

CARLOS DEL TORO, SECRETARY OF THE NAVY

### COMPLAINT

Plaintiff, by his attorney, Sonja L. Deyoe, for his complaint herein, alleges as follows:

### INTRODUCTION AND JURISDICTIONAL STATEMENT

1. This is an action alleging race discrimination in employment in violation of 42 U.S.C. § 2000e-16 ["Title VII"] and retaliation for asserting a claim of sex-based discrimination in employment in violation of 42 U.S.C. § 2000e-5(g)(2)(A), authorizing relief for a violation of § 2000e-3(a) (anti-retaliation provision). *See Velazquez-Ortiz v. Vilsack*, 657 F.3d 64, 72 (1st Cir. 2011).

2. In June 2022, plaintiff was discriminated against because of his sex, male when he was forced to resign from his computer scientist position on June 6, 2022.

3. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-16, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

4. Venue is properly laid in the District of Rhode Island, under the provisions of 28 U.S.C. § 1391, in that all, or a substantial part, of the events or omissions giving rise to the claims alleged herein occurred within this District and all of the parties reside, or are located, in this District.

5. Plaintiff demands a jury trial of this action.

### PROCEDURAL HISTORY

6. Plaintiff, Matthew R. Waleyko is a male who was employed by defendant as a Scientist, ND03 in the Information Systems and Data Analytics Branch, Digital Engineering Division, Undersea

Warfare Platforms and Payloads Integration Department, at the Naval Undersea Warfare Center (NUWC) Division, in Newport, RI.

7.      On June 8, 2022, Complainant requested Equal Employment Opportunity (EEO) counseling. The EEO Counselor sought to resolve Complainant's allegations to no avail.

8.      On July 1, 2022, the EEO Counselor issued Notice of Final Interview/Right to File a Discrimination Complaint.

9.      Complainant filed this formal complaint on July 7, 2022, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

10.     By letter dated July 21, 2022, the Department of the Navy (Agency) accepted the complaint pursuant to the Equal Employment Opportunity Commission's (EEOC's) Regulations found in Title 29 Code of Federal Regulations (29 C.F.R.) Part 1614.

11.     The Department of Defense Investigations and Resolutions Directorate conducted a formal investigation of this complaint from September 7, 2022, through November 2, 2022.

12.     The investigation included the original complaint referenced herein.

13.     Plaintiff was provided a copy of the investigative file on November 30, 2022.

14.     The notice of rights included with the investigative file explained that Complainant could request a hearing before the EEOC or a Final Agency Decision (FAD) without a hearing.

15.     Plaintiff elected a final agency decision.

16.     A final agency decision was issued on February 28, 2023.

17.     Therefore, Plaintiff filed the present action in accordance with 29 C.F.R. § 1614.407(a).

## PARTIES

18.     Plaintiff, Matthew R. Waleyko was hired by NUWC Division Newport in the Spring of 2020 as a scientist and assigned to Code 4542.

19.     Defendant Carlos Del Toro is Secretary of the Navy of the United States. The Department of the Navy is a "military department" of the United States, as referred to in 42 U.S.C. § 2000e-16(a), and thus an employer subject to the dictates of Title VII.

## FACTUAL ALLEGATIONS

20.     Plaintiff has self-identified as a male.

21.     Plaintiff is a former employee of Naval Undersea Warfare Center Division Newport whose employment was ended on June 6, 2022.

21.     A Standard Form (SF) 50, illustrating that Plaintiff's position as a Scientist, was a career-conditional appointment, subject to a two-year probationary period beginning June 8, 2020.

22.     In February/March 2022, Plaintiff's former Branch Head, Ms. Sravanthi Bodana, Code 4542 advised him to be mindful of tone use with Ms. Beibhinn Gallagher, a former employee who he used to work with in code 45, after it was reported to his supervisor, that he sounded condescending. Complainant provided that on February 14, 2022, he reported that Ms. Gallagher called him stupid, "in the vein of, keep it simple, stupid."

23.     Ms. Sravanthi Bodana brought Plaintiff into her office and informed him that Ms. Gallagher, a former employee he used to work with in Code 45, who resigned from NUWC DIVNPT, had made numerous accusations against him, yet he was never told what exactly was being alleged against him.

24.     While in Ms. Bodana's office, Ms. Sravanthi Bodana asked him about his past interactions with Ms. Gallagher, specifically, when Ms. Gallagher and himself had gone on Temporary Duty (TDY) to a Massachusetts Institute of Technology (MIT) Lincoln Lab business trip in November 2021 and when the two of them went on TDY to an Undersea Warfighter Development Center (UWDC) business trip.

25.     Ms. Bodana asked Plaintiff if he had forced Ms. Gallagher to carpool with him, or, did the

two of them travel alone during the UWDC TDY in December 2021.

26. Plaintiff told Ms. Bodana that he had not forced Ms. Gallagher to carpool with him.

27. Ms. Bodana told the Plaintiff that there is an investigation against both Ms. Bodana and Plaintiff about Ms. Gallagher's numerous accusations.

28. The government did not investigate the allegations against the Plaintiff but rather accepted the false accusations against him as true.

29. If Plaintiff was a female employee, and not a male employee, a proper investigation would have been conducted into Ms. Gallagher's untimely, vague accusations.

30. Plaintiff was never contacted by an investigator, nor asked any questions as to Ms. Gallagher's accusations.

31. One of Ms. Gallagher's accusations was the Plaintiff reminded her of an active shooter.

32. Ms. Gallagher also made accusations of harassment toward Plaintiff.

33. Despite the fact many of Ms. Gallagher's accusations were proven to be untrue, Plaintiff was not provided the opportunity to speak or provide evidence during the investigation led to the outcome of him being forced to resign.

34. Ms. Gallagher already had a discriminatory bias against male employees and had told Plaintiff in the past that in her previous work experiences before she came to work at NUWCDIVNPT, she had issues with other men.

35. Ms. Gallagher publicly blamed all of the issues that she had in the workplace on gender based discrimination.

36. Plaintiff was blindsided by Ms. Gallagher's accusations, as in March 2022, he had asked her how she felt about their working relationship and Ms. Gallagher told him that she always enjoys her interactions with him.

37. On 5 April 2022 after Ms. Gallagher resigned from NUWC DIVNPT, Ms. Bodana asked

Plaintiff to stay on Project Harbinger a little longer, specifically, until 8 April 2022.

38. At least ten other employees, most of whom were males, and who used to be major players on the project, had already left Project Harbinger in the past.

39. In addition, the Project Lead for Project Harbinger, Ms. Layna Nelson, Code 4542, and a female, also made false statements against him.

40. In April 2022, Ms. Nelson alleged that he had maliciously deleted code, as files were missing from the project.

41. Plaintiff stated he had not deleted any code and felt that Ms. Nelson's allegation against him was easily refutable for anyone who understands the project.

42. On 14 April 2022, Mr. McCarty, the second level supervisor, and Ms. Bodana investigated this allegation against him, and questioned him about the files allegedly missing.

43. Mr. Kyle Pavao, an experienced, senior level employee in Code 4542 informed Plaintiff on 14 April 2022 that he had looked into the Nelson allegations on 13 April 2022 when he heard about this allegation, and easily found the files and ran the code on 13 April 2022.

44. Prior to 15 April 2022, Ms. Nelson contacted UWDC's Artificial Intelligence Director, Captain Jeffrey Anderson, and alleged that he had deleted the files.

45. After the allegation, Captain Anderson contacted Mr. DelMastro about the investigation of this allegation.

46. This false accusation also contributed to Mr. DelMastro's decision to terminate him.

47. Plaintiff stated he believes that this is gender-based discrimination because if he, a male, had made false statements to the U.S. Navy that were proven false, such as Ms. Nelson alleged against him, he would have been impacted by negative consequences, such as termination yet Ms. Nelson remains employed.

48. In addition, the record reveals that Plaintiff was deemed to be unstable emotionally as,

during a particularly difficult phase in his own life, he had cried in his supervisor's office and that this was deemed to be a mental health concern, or a signal of emotional instability when such a statement would not be made about a female employee.

49. Similarly, Plaintiff was investigated over claims he might be an insider threat, yet the security director determined that was not the case whereas such an investigation would not have been done if he were female.

50. On 4 June 2022, Plaintiff received a termination letter in the mail signed by Mr. Christopher DelMastro, Code 45 Department Head which stated he would be terminated from his 1550 job series Computer Scientist position, effective Monday, 6 June 2022.

51. Plaintiff stated he was given the option to resign, which he selected, but was forced to resign because he was treated differently than non-males.

52. Plaintiff was a Point of Contact (POC) for Artificial Intelligence projects, and mainly had completed cloud administration work up until the beginning of May 2022 in which he then became a Contract Office Representative for an Integrated Logistics Services Contract.

53. Plaintiff stated his resignation has resulted in significant degradation of his reputation with the employee connections he had formed and worked with.

54. Plaintiff stated he had to immediately drop all his tasking to resign, and feels it now looks like he disappeared from his tasking when he had work to complete, without any trace of why. Plaintiff stated prior to being forced to resign, he had been in contact with numerous Technical Project Managers (TPMs) and branch heads.

55. Plaintiff stated he believes it was Mr. DelMastro's decision to terminate him due to false information he received about him that were based on false accusations in addition to discrimination based on his gender (male).

56. Plaintiff's termination was pretextual and the reasons provided on the notice of termination

were a pretense and were contrary to feedback he was receiving.

57. Plaintiff's interactions with his co-workers and stakeholders were quite positive.

58. Management's claims of poor interactions with Plaintiff are either complete fabrications or were gross mischaracterizations by team members.

59. He alleged that EEO had provided him gender separation statistics showing that of the 12 separations from January 2021- June 2022, 11 of these employees were male; 100% of the separations in RMO's department were male.

60. In recognizing his ability to perform his duties, Plaintiff was promoted in June 2021, less than a year before his termination.

61. The decision to terminate the Plaintiff, or request his resignation in leu of termination was made despite his first level supervisor, Ms. Bodana being against the termination.

62. For the period June 6, 2020-June 6, 2022, Plaintiff was listed as the only probationary employee subordinate to RMO that was to be terminated and it was listed for "conduct."

## COUNT I: DISCRIMINATION UNDER TITLE VII

63. Repeats and realleges all of the foregoing allegations as if fully set forth herein.

64. Plaintiff is a member of a protected class, male.

65. Plaintiff was highly qualified for the position he held.

66. Plaintiff's was forced to resign in leu of termination under circumstances that give rise to an inference of discrimination on the basis of plaintiff's membership in the protected class.

67. The business justification given by defendant for the decision to terminate the Plaintiff are but a pretext for discrimination.

68. Plaintiff's sex was a substantial factor in his adverse treatment.

69. Defendant is liable for the actions of NUWC management under the doctrine of *respondeat*

*superior.*

70. NUWC management's actions were infected with the bias of another employee for whom management is responsible under the cat's paw theory.

71. The acts of defendant, through its employees, constitute unlawful discrimination against plaintiff on the basis of plaintiff's sex in violation of Title VII.

72. Plaintiff is entitled to back pay, an adjustment of her future pay, reimbursement for economic losses, compensatory damages, and emotional damages to compensate her for defendant's discriminatory actions.

**WHEREFORE**, plaintiff seeks a judgment against defendant, ordering, adjudging, and decreeing that:

A. Defendant violated Title VII.

B. Defendant shall reimburse plaintiff for all loss of back pay, loss of benefits, loss of savings, loss of earning capacity ("front pay"), loss of pension benefits, and other monetary losses she has suffered as a result of defendant's conduct.

C. Defendant shall pay plaintiff compensatory damages for the pain, suffering, emotional harm, loss of enjoyment of life and other harm suffered by plaintiff as a result of defendant's conduct.

D. Defendant shall pay the costs, disbursements, expenses, and reasonable attorneys' fees incurred by plaintiff in the prosecution of this action.

E. Plaintiff be awarded such other and further relief as the Court deems appropriate.

Dated: May 24, 2023

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                                /s/ Sonja L. Deyoe
                                                Sonja L. Deyoe #6301
                                                Law Offices of Sonja L. Deyoe
                                                395 Smith Street
                                                Providence, RI 02908
                                                (401) 864-5877
                                                [SLD@the-straight-shooter.com](mailto:SLD@the-straight-shooter.com)